## DANIEL M'CAULEY *v.* JOHN HAGAN.

Charges for drayage of cotton, hauled to a cotton press by an agreement with, and on the sole credit of certain persons, who were in possession of the press under a contract by which the owner stipulated to convey the property to them on certain conditions, cannot be recovered by the drayman against the owner, on his selling the press to other persons. There was no privity of contract between the plaintiff and him, and no proof that he ever assumed to pay the charges.

Decision in *M' Williams* v. *Hagan*, 4 Rob. 374, affirmed.

APPEAL from the District Court of the First District, *Buchanan*, J.

BULLARD, J.   The plaintiff seeks to recover of John Hagan, senior, the amount of an account for drayage of cotton to the Union Cotton Press, on the allegation, that if he was not in possession of the press when the plaintiff commenced hauling, he shortly afterwards became the owner and possessor of the same, and reaped the benefits of his labor, and, when he afterwards took possession, assumed and became liable for all the debts due by the press ; and further, that when the defendant took possession of the press, there was cotton remaining in it which the plaintiff had hauled, and for which the press owed him one thousand and twenty dollars, which the defendant is bound to pay.

The evidence shows, that the cotton press was owned by Huie & Chalmers, and mortgaged to the defendant, who caused it to be sold under an order of seizure, and became himself the purchaser sometime in October, 1840.   On the day of the sale he entered into an agreement with Huie & Hale, by which it was stipulated, that he should leave them in possession, and reconvey to them, or to any person they might designate, all his right and title upon certain conditions.   Hagan remained the owner, and Huie & Hale possessors under this agreement, until the 28th of January, 1841, when he conveyed to Alfred Penn.   In the deed there is a stipulation that the purchaser shall be entitled to all privileges and charges upon property in store, and liable for rent; " and whereas, claims have been made against the said Alfred Penn, for work and labor done on said premises previous to possession being delivered to him, and property then in store and

liable for rent has been seized at the suit of A. & J. Dennistoun, & Co., now, therefore, the said John Hagan does hereby bind himself to indemnify and save harmless the said Alfred Penn and his assigns, from all claim or claims of what nature or kind soever, which are or may be hereafter made as above mentioned."

These expressions do not appear to us to amount to anything more than a guarantee to Penn against any claims which he, as purchaser of the press, might be compelled to pay, and not to a *stipulation pour autrui*, binding Hagan to pay any claim for labor done in hauling cotton to the press, when he was nominally the owner, on whosoever's credit it may have been done. It is clear, that the laborer in such a case has no privilege on the cotton after delivery, nor on the press in which it is stored; and, consequently, that Penn could not be disturbed by such a claim.

But it has been urged, that Hagan enjoyed the profits of the establishment at the time he was nominally the owner, although carried on by Huie & Hale. The evidence shows, however, that although collections were sometimes made in his name, the proceeds went to pay debts of Huie & Hale. Hagan was not known as the owner. He does not appear to have made any contracts as such for the benefit of the press. The plaintiff does not pretend that the hauling was done at his instance, or originally on his credit. The amount received by him, and for which he has given credit, was not received from Hagan, but from Huie & Hale, who appear to have carried on the concern as if they had been the owners. The plaintiff has failed, in our opinion, to show either any original privity of contract between himself and Hagan, or any assumpsit, either express or implied, to pay the amount of his account for hauling, which was evidently done on the sole credit of Huie & Hale. We cannot see any substantial difference between this case and that of McWilliams against the same defendant, lately decided. 4 Robinson, 374.

The judgment of the District Court is, therefore, reversed, and ours is for the defendant, with costs in both courts.

*Crawford* and *M'Henry*, for the plaintiff.

*C. M. Jones*, for the appellant.