The opinion of the Court was delivered by
Fennbk, J.
The decedent, Thos. Mulligan, had been employed by defendant to put a bell in the tower of the Church, of which the legal title was in the latter. While so engaged, he discovered that some of the beams in the tower were rotten and apprised defendant of the fact. He was informed by defendant that he had no authority to make any contracts, exceeding fifty dollars in amount, without the sanction of higher Church officials, and only consented to allow the work to be done upon Mulligan’s guaranty that it should not cost more than forty-eight dollars. Mulligan was further advised of defendant’s unwillingness, owing to financial difficulties, to incur heavier expenses for repairs, how *51 ever necessary, defendant saying to liim that he would see the tower tumble down before he would do so.
While Mulligan was employed in the work contracted for, defendant left the city for Europe, and was absent about two months.
Thereafter, Mulligan discovering that the cross-timbers supporting the roof of the Church were rotten, exposing the roof to danger of falling, without consulting any person, and without communicating at all with the absent owner, braced and strengthened the timbers with iron ties, plates and bolts and other reparations, and upon the return of defendant from Europe, presented him with a bill for more than $1600, on which the present suit is brought.
The evidence is that the repairs were insufficient to render the supiports of the roof safe, and left them still in need of now and expensive work to accomplish tliat purpose, in the execution of which the work and materials of plaintiff would not be of the slightest use.
We are clearly of opinion that this is a ease where the workman has intruded his services, not only without the consent or approval of the owner, but against his will, as plainly inferable from the prior interviews between them. In such case, the equitable maxim that no one should enrich himself at another’s expense, which is the foundation of the right of the negotiorum gestor, is without application. 11 Toullier, No. 55; 12 Duranton, No. 19; 3d Zacharise, § 441, note 15 ; 10 Dalloz, p. 778. See also Fox vs. Sloo, 10 A. 11; McWilliams vs. Hagan, 4 Rob. 374; McCaulay vs. Hagan, 6 Rob. 359.
Aside from this, we are ■ doubtful, under the evidence, whether the expenses, reimbursement of which is claimed, were “ useful and necessary ” within the meaning of Art. 2299, C. C. The work may have afforded some temporary relief, but it is clearly proved, that the work necessary to secure the roof permanently was still required and would cost as much as if plaintiff’s work had never been done. We see no merit in plaintiff’s case, except to the amount of the work contracted for, and allowed by the. Judge a quo.
We think there was error in allowing merely a nonsuit for the balance. The defense was established, and the claim should have been absolutely rejected.
It is therefore adjudged and decreed, that tiie judgment appealed from, be amended by rejecting plaintiff’s demand, except so far as allowed in the judgment, and that, in other respects, it be affirmed, appellee to pay costs of this appeal.
The Chief Justice, having been consulted as counsel, recuses himself.